[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13873
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00105-SPC-CM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ROBERT HALDEMANN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 8, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

John Robert Haldemann appeals his concurrent sentences of 211 months

imposed after pleading guilty to three counts of armed bank robbery, in violation

of 18 U.S.C. § 2113(a), (d).  The District Court sentenced Haldemann as a career offender under U.S.S.G. § 4B1.1 based on his two prior felony convictions under Wisconsin law for substantial battery with intent to cause bodily harm and for manufacture or delivery of marijuana.  Haldemann argues that his Wisconsin substantial battery conviction, Wis. Stat. § 940.19(2) (2004), does not qualify as a predicate offense to his career offender status because it is not a "crime of violence" as is required under U.S.S.G. § 4B1.2.  We disagree, and accordingly affirm.

We review de novo whether a defendant's prior conviction qualifies as a crime of violence under § 4B.2.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1247 (11th Cir. 2012).  A defendant qualifies as a career offender under §4B.2 if he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[1]  U.S.S.G. § 4B1.1.  Section 4B1.2 defines a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "(1) has an element the use, attempted use, or threatened use of physical force against the person of another, [the elements clause] or (2) is burglary of a dwelling, arson, extortion, involves use of explosives [enumerated offenses], or otherwise involves conduct that presents a serious

---

[1] The other criteria for application of U.S.S.G. § 4B1.1—that the defendant be at least 18 years old at the time he committed the instant offense and that the instant offense was a felony that was a crime of violence or a controlled substance offense—are not at issue.

potential risk of physical injury to another [the residual clause]." *Id.* § 4B1.2. To determine whether a crime is covered by § 4B1.2's elements clause, we apply a categorical approach, looking only at the statutory elements of the offense, rather than the particular facts underlying the conviction. *Descamps v. United States*, 570 U.S. ___, ___, 133 S. Ct. 2276, 2283–86, 186 L. Ed. 2d 438 (2013).

Haldemann contends, as he did to the District Court in his objections to the presentence report, that the Wisconsin substantial battery statute does not trigger § 4B1.2's elements clause because a conviction under that statute can be premised on action committed without the use or attempted use of force. While § 4B1.2's elements clause mandates the defendant employ a direct use of force against a victim, a conviction for Wisconsin substantial battery may be premised on intent to cause bodily harm which can occur indirectly—that is, from acts other than the defendant's direct use of force, such as poisoning a drink or tampering with the brakes of a car.

When Haldemann was convicted, the Wisconsin substantial battery statute provided that "[w]hoever causes substantial bodily harm to another by an act done with intent to cause bodily harm to that person or another is guilty of a [] felony." Wis. Stat. § 940.19(2). Substantial bodily harm was defined by the statute as "bodily injury that causes a laceration that requires stitches, staples, or a tissue adhesive; any fracture of a bone; a broken nose; a burn; a temporary loss of

3

consciousness, sight or hearing; a concussion; or a loss or fracture of a tooth." *Id.* § 939.22(22). The United States Supreme Court has defined "physical force" to mean "violent force—that is, force capable of causing physical pain or injury to another person."[2] *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). Because a conviction for Wisconsin substantial battery requires that the defendant have inflicted substantial bodily harm upon his victim—a harm causing injury to the extent of a laceration requiring stitches, a fracture of a bone, or a temporary loss of consciousness, for example—that statute unquestionably mandates as an element proof of the use of violent force "capable of causing physical pain or injury to another person."

And whether that use of force occurs indirectly, rather than directly, by way of the defendant's actions is of no consequence because intentional use of indirect force to cause substantial bodily harm still qualifies as a use of violent force within the meaning of § 4B1.2's elements clause. *See United States v. Castleman*, 572 U.S. ___, ___, 134 S. Ct. 1405, 1414–15, 188 L. Ed. 2d 426 (2014) (rejecting the defendant's argument that the Tennessee domestic assault statute did not have as an element the use or attempted use of physical force because a defendant could be

---

[2] *Johnson* dealt with the definition of "physical force" under 18 U.S.C. § 924(e)(2)(B)(i), a provision within the Armed Career Criminal Act ("ACCA"). While the Guidelines do not define the term "physical force" under the career offender provision, because of the definitional similarities between a violent felony under the ACCA and a crime of violence under § 4B1.2, we look to cases applying the ACCA "for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines." *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).

convicted under the Tennessee statute for causing bodily injury through the use of indirect force, reasoning that "[i]t is impossible to cause bodily injury without applying force in the common-law sense. . . . That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter"). Because the Wisconsin substantial battery statute has as an element the use, attempted use, or threatened use of physical force against the person of another, it qualifies as a crime of violence under § 4B1.2's elements clause. Accordingly, Haldemann's sentence is

AFFIRMED.